**UNITED STATES of America**

v.

**Dentze Denise ABNER**

**No. 6:95CR140ORL22JGG.**

United States District Court,
M.D. Florida,
Orlando Division.

Oct. 10, 2002.

Peter Warren Kenny, James T. Skuthan, Federal Public Defender's Office, Orlando, FL.

Dentze Denise Abner, Marianna, FL, pro se.

Anita M. Cream, U.S. Attorney's Office Middle District of Florida, Tampa, FL, Paul G. Byron, Carlos A. Perez, U.S. Attorney's Office Middle District of Florida, Orlando, FL, for U.S.

**ORDER**

CONWAY, District Judge.

This cause is before the Court on Defendant Abner's Motion in Response to the Court's Order Vacating the Preliminary Orders of Forfeiture, and to Move the Government pursuant to a Final Summary of Judgment of Foreclosure (Doc. No. 386) filed on December 28, 2001.

The United States Magistrate Judge has submitted a report recommending that the Motion be denied.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed September 10, 2002 (Doc. No. 430) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Motion in Response to the Court's Order Vacating the Preliminary Orders of Forfeiture, and to Move the Government pursuant to a Final Summary of Judgment of Foreclosure (Doc. No. 386) is DENIED.

REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motions:

| MOTION: | DEFENDANT ABNER'S MOTION IN RESPONSE TO THE COURT'S ORDER VACATING THE PRELIMINARY ORDERS OF FORFEITURE, AND TO MOVE THE GOVERNMENT PURSUANT TO A FINAL SUMMARY OF JUDGMENT OF FORECLOSURE (Doc. No. 386) |
|---|---|
| FILED: | December 28, 2001 |

THEREON it is RECOMMENDED that the motion be DENIED.

| MOTION: | DEFENDANT WADE'S MOTION TO COMPEL THE STATE COURT TO GRANT HIM A JUDICIAL FORUM AND A STAY OF THE SCHEDULED SALE OF HIS PROPERTY WHERE A FAVORABLE RULING HAS BEEN MADE ON THE SAME PROPERTY IN FEDERAL COURT (Doc. No. 404) |
|---|---|
| FILED: | March 20, 2002 |

THEREON it is RECOMMENDED that the motion be DENIED.

| MOTION: | DEFENDANT WADE'S MOTION FOR HEARING ON [404] MOTION TO COMPEL THE STATE COURT TO GRANT HIM A JUDICIAL FORUM AND A STAY OF THE SCHEDULED SALE OF HIS PROPERTY (Doc. No. 421) |
|---|---|
| FILED: | June 26, 2002 |

THEREON it is RECOMMENDED that the motion be DENIED as moot.

Defendants ask this Court to consider three motions arising from a mortgage holder's efforts to foreclose a defaulted mortgage in state court. Upon reviewing the parties' submissions, the undersigned recommends the following rulings.

## I. BACKGROUND

On July 21, 1995, the Grand Jury returned an indictment charging defendants Ronald Wade, Dentze Denise Abner, and another person with conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846. The indictment also contained forfeiture allegations brought pursuant to 21 U.S.C. § 853. As a specific basis for forfeiture, the indictment cited 21 U.S.C. § 853(a)(1) & (2), which provides:

(a) Property subject to criminal forfeiture

Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation[.]

On January 18, 1996, following a trial, a petit jury found Wade and Abner guilty of conspiracy to possess with intent to distribute cocaine. That same day, the jury also returned special forfeiture verdicts concerning real property at 623 Marion Street, Daytona Beach, Florida. The jury found the property was: 1.) used to commit or to facilitate the commission of the conspiracy offense; 2.) intended to be used to commit or to facilitate the commission of the conspiracy charge; and 3.) derived from proceeds the defendants obtained as a result of their conspiracy. *See* Docket Nos. 177 and 178.

On January 30, 1996, the Court issued a Preliminary Order of Forfeiture as to defendant Abner. *See* Docket No. 188. On February 21, 1996, the Court issued a like order as to defendant Wade. *See* Docket No. 190. Among other things, these orders purported to forfeit "all right, title, and interest" of the defendants in the real property. The orders further stated that the Court would enter a final order of forfeiture pursuant to 21 U.S.C. § 853 upon adjudication of all third-party interests.

On April 5, 1996, the Honorable Robert R. Merhige, Jr., visiting judge, sentenced Abner to 151 months of imprisonment and 60 months of supervised release. Judge Merhige sentenced Wade to a life sentence, 5 years of supervised release, and a $25,000 fine. *See* Dockets Nos. 204 and 202. Judgments on these sentences were docketed on April 17, 1996. *See* Docket Nos. 210 and 211. The judgments contain no mention of forfeiture.[1]

Defendants Wade and Abner appealed their final judgment and sentence. The forfeiture proceedings were stayed pending resolution of the appeal. On May 8, 1998, the Eleventh Circuit issued the mandate, affirming the judgment of conviction and sentence imposed. The forfeiture proceedings then resumed.

On October 21, 1998, Wade filed a motion seeking a stay of the forfeiture proceedings pending resolution of a motion he anticipated filing pursuant to 28 U.S.C. § 2255. *See* Docket No. 254. That same day, Alliance Mortgage Company ("Alliance") filed a Verified Petition for Hearing and Notice of Claim with respect to the real property subject to forfeiture. Docket No. 255. Alliance stated that it was the holder of a note and mortgage assumed by Wade and Abner and under which there was an outstanding balance.

On November 20, 1998, the Court denied Wade's motion to stay the forfeiture action. On November 25, 1998, the United States Marshals Service seized the real property in question. *See* Docket No. 263. On December 10, 1998, the United States and Alliance Mortgage filed a Stipulated Expedited Settlement Agreement. Docket No. 265. In the Agreement, the United States agreed that upon entry of a final order of forfeiture, if there were sufficient surplus proceeds from the sale of the real property after expenses were deducted, it would pay Alliance unpaid principal and interest due under the mortgage. The Settlement Agreement expressly stated that it was "contingent upon forfeiture of the defendant property to the United States and the court's entry of a Final Order of Forfeiture." Docket No. 265, ¶ 11 at 3-4. Based on the Settlement Agreement, the Court denied as moot Alliance's

---

1. The transcript of the sentencing hearing contains no discussion that forfeiture would be a part of the defendants' sentences. *See* Docket No. 230. Similarly, the criminal minutes of sentencing make no mention of forfeiture. *See* Docket Nos. 202 and 204..

previously-filed Petition for Hearing. *See* Docket No. 267.

Pursuant to the Eleventh Circuit's ruling in *United States v. Gilbert*, 244 F.3d 888 (11th Cir.2001), the Court then vacated the preliminary order of forfeiture, ending all forfeiture litigation. *See* Docket No. 356 at 13-4. Specifically, the Court held that the preliminary orders of forfeiture were not part of Abner's and Wade's sentences, so the forfeiture orders did not forfeit the defendants' property to the government. *Id.* The failure to include forfeiture in the defendants' sentences rendered null the forfeiture verdicts and the presentence forfeiture orders. Pursuant to the Court's order vacating the preliminary order of forfeiture, the government filed a Release of a Lis Pendens on June 5, 2001. Docket No. 357. The United States Marshals Service released the real property on June 7, 2001. Docket No. 359.

On December 28, 2002, defendant Abner filed a *pro se* motion in response to the Court's order vacating the preliminary orders of forfeiture, and to move the government pursuant to a final summary of judgment of foreclosure. Docket No. 386. Abner asks this Court to prevent a state foreclosure and sale of the real property at 623 Marion Street, Daytona Beach, Florida. In response, the government filed a motion to strike Abner's motion on the grounds that this criminal case was closed, and that the Court lacked jurisdiction to hear Abner's motion. Docket No. 388. On January 14, 2002, the Court denied the government's motion to strike without prejudice to raise any issues in a memorandum in opposition to Abner's motion. Docket No. 390. On February 8, 2002, the government filed a memorandum in opposition to Abner's motion. Docket No. 394.

On March 20, 2002, defendant Wade filed a *pro se* motion to compel the state court to "grant him a judicial forum" and a stay of the scheduled sale and foreclosure of his property [the real estate property at 623 Marion Street, Daytona Beach, Florida]. The government filed no memorandum in opposition.

## II.  DISCUSSION

### A.  Defendants' Positions

Abner claims that the government, through the United States Marshals Service, improperly seized the real property at 623 Marion Street, Daytona Beach, Florida, on November 25, 1998. Docket No. 386 at 4. The property, Abner claims, had two mortgages. *Id.* Alliance Mortgage Company ("Alliance") was the first mortgage holder, and NationsBanc Financial Services was the second mortgage holder. *Id.* Abner's mother, who allegedly lived in the property for two years, had been making the mortgage payments. *Id.*

Upon seizing the property, Abner claims that the government evicted Abner's mother and minor children from the property. Docket No. 386 at 5. Abner also claims that the government interrupted and interfered with Abner's mother's ability to pay Alliance. Docket No. 386 at 5. Abner further claims that the government's improper seizure caused a default on the Alliance mortgage, damages, and losses concerning the real property. *Id.* Alliance subsequently initiated state foreclosure proceedings in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida (Case No. 1–31665–CICI). *See* Docket No. 386, Ex. B.

On December 17, 2001, the Circuit Court of Volusia County granted Alliance's motion for summary judgment of foreclosure upon Alliance's complaint to foreclose mortgage. *See* Docket No. 386, Ex. B. The December 17, 2001 state court confirmed the foreclosure and sale of the property at 623 Marion Street, Daytona Beach, Florida. *See* Docket No. 386, Ex. B. Having raised no such issue in the

Circuit Court of Volusia County, Abner now asks this Court to direct the United States to respond to the foreclosure action in state court involving 623 Marion Street, Daytona Beach, Florida. *Id.* Abner also seeks damages from the United States based upon the government's "illegal" actions.

Similarly, Wade claims that the government's seizure of the "property"—presumably the 623 Marion Street, Daytona Beach, Florida—was improper. Docket No. 404. Wade asks this court to:

> Compel the State Court to stay the scheduled sale and forfeiture of the property, pending a judicial forum, to prevent a Federal Civil Action against the federal government and others involved for causing the property of petitioner to be erroneously seized from the onset.

Docket No. 404 at 1. Wade apparently claims that the government's initial and "erroneous" seizure of his property makes the United States responsible for the state forfeiture arising from the defaulted mortgage.

### B. ANALYSIS

Wade and Abner have provided this Court with no basis for subject matter jurisdiction over their claims. Their motions do not involve the adjudication of their guilt. This Court entered its final order regarding forfeiture on May 16, 2001. Docket No. 356. All forfeiture issues in this Court have been resolved. The government released the real property on June 7, 2001—prior to the state foreclosure action. Wade and Abner do not seek to correct a clerical mistake, which under Federal Rule of Criminal Procedure 36 can be made at any time. Similarly, defendants do not, pursuant to 28 U.S.C. § 2255, challenge their sentence.

In fact, Wade's and Abner's motions are not based upon any rule of criminal procedure or any statute at issue in their criminal case.

Instead, defendants seek to involve the United States in the state foreclosure action involving their property. They also seek damages from the United States based upon their belief that the government acted illegally. The defendants have failed to provide this Court with the authority supporting jurisdiction to address their claims in this criminal case.

In *United States v. 1461 West 42nd Street, Hialeah, Florida*, 251 F.3d 1329 (11th Cir.2001), the Eleventh Circuit addressed a factually similar case. That case involved an *in rem* action against two rental apartment buildings. After seizing the properties, the government allegedly refused to make any mortgage payments on the properties to the secured lender. As a result, the loans were declared in default by reason of non-payment. The lender then initiated a state foreclosure action. *1461 West 42nd Street*, 251 F.3d at 1332.

Similar to the claimants here, the *1461 West 42nd Street* claimants argued that the government wrongly permitted the real properties (two rental apartment buildings) to be subject to foreclosure and levy and loss of record title. 251 F.3d at 1333. The claimants further argued that, whether in the form of a return of the value of the properties or in the form of damages, they were entitled to have their injuries redressed by the district court as part of the *in rem* action against the properties. 251 F.3d at 1334.

The Eleventh Circuit considered the remedies available to the claimants when real property that the government has seized in civil forfeiture proceedings is foreclosed by the property's mortgagee so that the foreclosure prevents the return of the property.[2] 251 F.3d at 1331. The

---

2. In this case, the government released the real property on June 6, 2001. However,

defendants claim that they were not informed

Eleventh Circuit refused to consider the claimants' claim for recovery for damages, including recovery of mortgage payments, arising from the loss of property. The Eleventh Circuit explained:

> While we may sympathize with claimants' loss, we are unable to address, let alone redress, it in the current action. Damages, if any, for loss of property may be appropriate in a separate action. Were we to allow claimants recovery of mortgage payments in this action, their possible recovery of damages in another action for the loss of the Properties would justifiably duplicate their remedies.

251 F.3d at 1336. The Eleventh Circuit also held that governmental immunity bars recovery for any damages beyond the return of claimants' property. 251 F.3d at 1337. Accordingly, the Eleventh Circuit held that consequential damages, such as damages for loss of use and enjoyment, are barred by governmental immunity. 251 F.3d at 1337-38 (stating that "in contrast to takings law, the government is immune, absent waiver, from suit for damages arising from due process violations under the Fifth Amendment").

In accordance with *1461 West 42nd Street*, the Court finds that the defendants may not pursue their stated cause of action in this criminal case. A closed federal criminal case simply is not the appropriate place to seek the relief sought by the defendants—a stay of the scheduled state forfeiture and sale, and damages from the United States. Additionally, this Court is without jurisdiction to review state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

## IV. CONCLUSION

For the forgoing reasons, it is

**RECOMMENDED** that defendant Abner's "motion" in response to the Court's order vacating the preliminary orders of forfeiture, and to move the government pursuant to a final summary judgment of foreclosure [Docket No. 386] be **DENIED**. It is

**FURTHER RECOMMENDED** that defendant Wade's motion to compel the state court to grant him a judicial forum and a stay of the scheduled sale of his property where a favorable ruling has been made on the same property in federal court [Docket No. 404] be **DENIED**. It is

**FURTHER RECOMMENDED** that defendant Wade's motion for hearing on [404] motion to compel the state court to grant him a judicial forum and a stay of the scheduled sale of his property [Docket No. 421] be **DENIED**.

Failure to file and serve written objections to the proposed findings and recommendations in this report, pursuant to 28 U.S.C. § 636(b)(1)(B) and (e) and Local Rule 6.02, within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

Sept. 10, 2002.

---

or served with the notice of release. Docket No. 386 at 6. Defendants further claim that they received no notice until September 14, 2001 when they were served with a notice of lis pendens, and the notice of the state foreclosure action. *Id.*